IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EARL NICHOLAS NEWTON,

**Plaintiff,**

v.     Civil Action No. 3:23cv148

MICHAEL BRECKON, *et. al*,

**Defendants.**

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se* filed this action. By Memorandum Opinion and Order entered on February 15, 2024, the Court dismissed the action without prejudice because Plaintiff failed to respond, within twenty (20) of the date of entry thereof, to the Court's January 5, 2024 Memorandum Order directing Plaintiff to show good cause for failing to serve the Defendants. (ECF Nos. 15, 16.) On February 23, 2024, the Court received a Motion Seeking Permission to Amend Complaint, ("Motion to Amend," ECF No. 18), a Motion Requesting Court to Order Service Be Made by the U.S. Marshal, ("Motion for Service," ECF No. 19), and a non-prisoner *in forma pauperis* affidavit, (ECF No. 20).[1] Plaintiff apparently mailed these documents on February 9, 2024, (*see* ECF No. 20–1, at 1), and the Court considers them filed as of that date. *Houston v. Lack*, 487 U.S. 266, 275–6 (1988). As discussed below, the Court has reviewed the Motion to Amend, and the Motion for Service, and determines that

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Plaintiff's submissions.

Plaintiff has not shown good cause for his failure to serve Defendants. Thus, this action will remain closed.

## I. Procedural History

In his Complaint, Plaintiff failed to provide addresses for any of the named Defendants and then listed two John Doe Defendants without an address. (ECF No. 3, at 1–3.) By Memorandum Order entered on August 22, 2023,[2] and again on October 6, 2023, the Court explained that if Plaintiff wished the assistance of the Marshal in serving Defendants, he should promptly provide the Court with street addresses where Defendants could be served.[3] (ECF No. 9, at 1; ECF No. 11, at 2.) The Court explained that, upon the provision of such addresses from Plaintiff, the Clerk would issue process and the Marshal would attempt to serve Defendants. (ECF No. 9, at 1; ECF No. 11, at 2.)[4]

Pursuant to Rule 4(m),[5] Plaintiff had 90 days from the filing of the Complaint to serve Defendants. Here, that period commenced on August 10, 2023. More than 90 days elapsed, and

---

[2] The Court first attempted to serve Defendants through an informal service agreement with the Office of the Attorney General for the Commonwealth of Virginia by Memorandum Order entered on August 10, 2023. (ECF No. 7.) The Attorney General's Office declined service. (ECF No. 8.)

[3] The Court also explained that "Plaintiff must provide the names of the John Doe Defendants if he wished the Court to assist him with service." (ECF No. 9, at 1 n.1.) The Court noted that if "Plaintiff [wa]s unable to produce names, he must provide very specific information to identify these Defendants." (ECF No. 9, at 1 n.1.)

[4] On further review, because Plaintiff paid the full filing fee and was not proceeding *in forma pauperis*, Plaintiff was also responsible for the preparation of the summons and the service fees for the Marshal. *See* Fed. R. Civ. P. 4(b).

[5] Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

2

Plaintiff failed to serve Defendants. However, on November 8, 2023, Plaintiff mailed a Motion for Extension of Time to the Court asking for a thirty (30) day extension, or until December 10, 2023, to provide the Court with addresses and the names of the Doe Defendants. (ECF No. 12, at 1.) By Memorandum Order entered on November 20, 2023, the Court granted Plaintiff a thirty (30) day extension, or until December 20, 2023. (ECF No. 13, at 1.)

Because Plaintiff did not provide addresses or otherwise respond, by Memorandum Order entered on January 5, 2024, the Court directed Plaintiff, within twenty (20) days of the date of entry thereof, to show good cause why the action against Defendants should not be dismissed without prejudice for failing to comply with Rule 4(m). (ECF No. 14, at 1.) Plaintiff did not respond to the January 5, 2024 Memorandum Order and, by Memorandum Opinion and Order entered on February 15, 2024, the Court dismissed the action for his failure to respond. (ECF Nos. 15, 16.) On February 23, 2024, the Court received the Motion to Amend and Motion for Service.

## II. Analysis

### A. Plaintiff's Submissions

In his Motion to Amend, Plaintiff contends that "[i]n the process of naming the John Does, I learned about more defendants that need[] to be added to the complaint and serve process on." (ECF No. 18, at 1.) Plaintiff indicates that he has been waiting for "the Civil Process Officer in Brunswick to contact me back with the names of the John Does before [a]mending [c]omplaint and I have not been provided with the information[]." (ECF No. 18, at 1.) Plaintiff

---

extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

3

states that he "received the order to show good cause after January 17, 2024, and within 20 days of the date of entry (January 5, 2024) leaving me only a week to put this all together." (ECF No. 18, at 1.) In his Amended Complaint, Plaintiff adds several new Defendants, provides addresses for the new Defendants, but still lists two John Doe Defendants without any new information about their identity.[6]

In his Motion for Service, Plaintiff explains:

> I contacted Lawrenceville Correctional Center to get the last known address of the Defendants and I was denied and was told to contact Civil Process Officer at the Brunswick Police Department. . . . I left a message explaining the nature of my call and contact info and I was never contacted after multiple attempts. I spoke with Institutional Lawyer for help and was told there was nothing he could do on such short notice. Waiting for my scheduled Law Library appointment, I had family members call LVCC to try and get someone to look at [the] roster sheet on the date the incident took place to name the John Does and came up with nothing. It was until last week I discovered Fed. R. Civ. P. 7(b) that I can motion for help from court by U.S. Marshal.

(ECF No. 19, at 1.)[7]

### B. Plaintiff Fails to Show Good Cause for his Failure to Serve Defendants

Courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821 (JRS), 2007 WL 5145334, at *1 (E.D. Va.

---

[6] In his original Complaint, Plaintiff named Michael Breckon, Officer Mason, Crystal Williams, and two John Doe Defendants. (ECF No. 3, at 1–3). In his Amended Complaint, Plaintiff also adds Geo Group, Inc., C.O. Fields, E. Fant, S. Mays, and Greene. (ECF No. 18-1, at 1–4.) Inexplicably, Plaintiff only includes addresses for some of these Defendants.

[7] Federal Rule of Civil Procedure 7(b) does not address service of complaints. To the extent that Plaintiff intends to reference Federal Rule of Civil Procedure 4(c)(3), that rule states that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal . . . ." Fed. R. Civ. P. 4(c)(3). Even with such a request, Plaintiff remains responsible with providing the Court with addresses where a defendant may be served, and because Plaintiff was not proceeding *in forma pauperis*, Plaintiff was responsible for paying for service.

Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210 (JRS), 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when reaching a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100 (JRS), 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff, not the Court, nor the United States Marshal, is responsible for providing the appropriate addresses for serving a defendant. Plaintiff fails to show that he made any effort at all to obtain Defendants' addresses between August 10, 2023, when the 90-day-period to serve Defendants began, and mid-November 2023, when he asked for an extension from the Court. At Plaintiff's request, the Court granted Plaintiff an extension of thirty days, or until December 10, 2023, to provide the Court with addresses. Plaintiff did not meet that deadline, did not otherwise

request a second extension, and did not communicate with the Court at all during that time period. When Plaintiff received the January 5, 2024 Memorandum Order directing him to show good cause for his failure to serve Defendants, he once again did not request an extension or respond to the show cause order. Plaintiff did not communicate with the Court again until February 9, 2023, when he filed his Motion to Amend and his Motion for Service. However, these submissions were not directly responsive to the show cause order.[8]

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted).[9] Accordingly, the Motion to Amend, (ECF No. 18), Motion for Service, (ECF No. 19), and request to proceed *in forma pauperis*, (ECF No. 20), will be DENIED.

The Court notes that the action was dismissed without prejudice. If Plaintiff wishes to litigate his Amended Complaint, he may do so. Plaintiff must notify the Court of his desire to continue to litigate the Amended Complaint within twenty (20) days of the date of entry hereof, and at that time, the Court will open the Amended Complaint as a new civil action. Plaintiff is

---

[8] As previously mentioned, Plaintiff added new claims and Defendants, but still failed to provide more information about the John Doe Defendants and did not provide an address where all of the named Defendants could be served.

The Court notes that Plaintiff has not contacted the Court since receiving the February 15, 2024 Memorandum Opinion and Order dismissing the action. Thus, it is unclear if Plaintiff remains interested in pursuing the action.

[9] The Court recognizes that it possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court already provided Plaintiff with an extension sought well beyond the 90 day service deadline and is unpersuaded that the circumstances here warrant a discretionary extension, especially at this late stage.

reminded that he is responsible for the provision of addresses where each defendant may be served. However, this action remains closed.

An appropriate Order shall issue.

Date: 4/24/2024  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

7